## COVENANT TO STAND SEIZED.

JACKSON *ex dem.* HOUSEMAN *v.* SEBRING, 16 J. R. 515.

*Covenant to stand Seized; Deed of Bargain and Sale.*

IN this case, where a deed by a married woman and her husband of her lands to a trustee, a stranger, reciting that "she inherited the premises which she wished to settle in the manner therein after mentioned, and *in consideration of the*

*premises, and for divers other good causes and considerations*, granted, bargained, sold, &c., to D., (a stranger,) his heirs, &c., *in trust*, to hold the same during the joint lives of herself and her husband, and to pay them the rents and profits, &c. And in case the husband should die, leaving her surviving, to convey the same to her, but in case she should die, without lawful issue, leaving her husband surviving her, then in trust to convey the premises to her said *husband* and her mother as tenants in common, in fee simple;" and D. covenanted to perform the trust. The wife died without lawful issue, leaving her husband and mother surviving, to whom D. afterwards conveyed the premises in pursuance of the trust.

The Supreme Court held, that the deed was not good as a bargain and sale, for want of a pecuniary consideration, but that it might be sustained as a covenant to stand seized to uses on the part of the trustee, though a stranger to the blood of the grantors and grantees.

· The Court of Errors held on the other hand, that no use can be raised on a covenant to stand seized, in favor of a *stranger* or one not of the *blood* of the covenantor, though the *covenantee* is a mere trustee for the relations of the blood of the covenantors, it makes no difference; that the deed from the husband and wife to the trustee, was void for want of a pecuniary consideration; and that it could not operate as a covenant to stand seized to the uses expressed in the deed, because the trustee being a mere stranger, there was no consideration of *blood* or *marriage*, between him and the grantors to raise the use, and create a seisin in him by force of the statute of uses.